TERRANCE GALLOWAY AND HELEN GALLOWAY, HIS
WIFE, PLAINTIFFS-APPELLANTS, v. COUNCIL OF THE
TOWNSHIP OF CLARK, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 3, 1967—Decided April 17, 1967.

Before Judges SULLIVAN, KOLOVSKY and CARTON.

*Mr. Michael A. Posnock* argued the cause for appellants (*Mr. George W. Morton, Jr.,* attorney).

*Mr. Irvine B. Johnstone, Jr.* argued the cause for respondent.

PER CURIAM. The question presented on this appeal is the validity of a bonding ordinance adopted by the Township of Clark on March 28, 1966. Such a bonding ordinance requires the affirmative vote of two-thirds of the full membership of the council. *N. J. S.* 40A:2–17. Since there were seven members of the council, the passage of the ordinance required and received the affirmative vote of five members.

However, plaintiffs insist that the ordinance is invalid because Siggo Hejselbak, one of the members of the council who voted in its favor, had been guilty by a jury verdict, on March 11, 1966, on an indictment charging him with conspiring unlawfully to demand and receive cash in return for favorable consideration of a local variance application, in violation of *N. J. S.* 2A:105–1, 2A:98–1 and 2A:98–2. He was sentenced by the court on April 22, 1966.

Clark Township is governed under Plan F of the Optional Municipal Charter Law, *N. J. S. A.* 40:69A–74 to 80 (Faulkner Act). The plaintiffs' theory is that upon this member's being found guilty by the jury he automatically forfeited his office under the terms of *N. J. S. A.* 40:69A–166, thus depriv-

ing him of the power thereafter to perform any official act as a member of the council. That provision reads as follows:

"Any person convicted of a crime or offense involving moral turpitude shall be ineligible to assume any municipal office, position or employment in a municipality governed pursuant to this act, and upon conviction thereof while in office shall forfeit his office."

Plaintiffs also contend that this councilman automatically forfeited his right as a citizen to vote under *N. J. S. A.* 19: 4–1 and that as a result he no longer fulfilled the requirements of *N. J. S. A.* 10 :1–1. The latter statute provides that the right of citizens to hold office is coextensive with their right to vote. Therefore, they assert the bonding ordinance failed to receive the required five valid votes for this additional reason.

After the verdict of guilty, but before the March 28 meeting at which the bonding ordinance was adopted, the council served on Councilman Hejselbak, notice and order to show cause, returnable March 31, 1966, why he should not forfeit his office. On the latter date the council adopted a resolution determining that the conviction involved a crime involving moral turpitude and declaring the office held by this councilman vacant by reason of the statutory provision.

In an action in lieu of prerogative writs brought by plaintiffs the trial court concluded that Councilman Hejselbak continued to be a *de jure* officer until the council adopted the resolution of March 31. We find it unnecessary to resolve the issue whether the councilman was a *de jure* officer.

We hold that Councilman Hejselbak continued to hold his office under color of title when he voted for the ordinance. As the *de facto* occupant of an office, he was entitled to exercise in good faith the rights and duties incident thereto until it was adjudged by a competent tribunal that he had forfeited that office by reason of conviction of a crime involving moral turpitude. This is so irrespective of whether he was still a *de jure* officer at that time. *Oliver v. Mayor, etc., of Jersey City,* 63 *N. J. L.* 634 (*E. & A.* 1899) ; *Switz v. Middletown Town-*

*ship,* 40 *N. J. Super.* 217, 236 (*App. Div.* 1956), modified 23 *N. J.* 580 (1957). See 3 *McQuillin, Municipal Corporations* (3d *rev. ed.* 1963), § 12.100, *p.* 424.

We express no opinion as to the power of the council under the Faulkner Act to declare an elective office vacant (see *N. J. S. A.* 40:69A–80), or to determine whether the crime of which the councilman was convicted involved moral turpitude; or as to its power to declare the office forfeited, or as to the legal effect of the resolution adopted by the council on March 31, 1966.

Affirmed.